UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH COOPER,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-00116 (VLB) |
| PSI GROUP, INC., ET AL., | : | |
|     Defendant. | : | March 23, 2009 |

## MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [Docs. #61, 66]

The defendants, PSI Group, Inc. ("PSI"), and Siemens Dematic Mail Services, Inc. ("Siemens Dematic"), move for summary judgment in this action filed by the plaintiff, Joseph Cooper. PSI and Siemens Dematic argue that they are entitled to summary judgment on Cooper's claims that (1) PSI failed to pay all of his wages in violation of the Connecticut wage statute, Conn. Gen. Stat. § 31-71a et seq., and (2) PSI and Siemens Dematic were unjustly enriched. For the reasons given below, the motions for summary judgment [Docs. #61, 66] are GRANTED.

The following undisputed facts are relevant to the motions for summary judgment. Prior to mid-2002, Cooper was a self-employed salesman of mail sorting services. He referred his clients to a company known as Delivery Point Services, Inc. ("DPS"), which then performed the mail sorting services. Around early 2002, DPS was acquired by Siemens Dematic, which continued to use the DPS name. In May 2002, DPS hired Cooper as a full-time employee. He signed a

one-page employment contract that provided for a salary of $60,000 per year, an additional fixed monthly payment of $4,200 for his existing client accounts, and commissions on new client accounts.  [Doc. #65, Ex. 4]  In August 2002, Siemens Dematic ended its use of the DPS name.  Thereafter, in December 2002, PSI acquired Siemens Dematic.

The following provision of the asset purchase agreement is relevant to Cooper's claims:  "Section 2.01.  Purchase and Sale of Assets. . . .  [Siemens Dematic] agrees to sell . . . to [PSI] . . . and [PSI] agrees to purchase from [Siemens Dematic], free and clear of any and all liabilities . . . (b) All rights of [Siemens Dematic] to provide mail presort services and other services to customers of [Siemens Dematic] . . . and all customer contracts of [Siemens Dematic] relating to the Mail Presort Business . . . ."  [Doc. #65, Ex. 5, p. 2]  The agreement also included the following relevant provision:  "Section 2.02.  Excluded Assets. . . .  [Siemens Dematic] shall retain . . . and [PSI] shall not purchase . . . the following properties and assets of [Siemens Dematic] . . . (g) Any contracts with employees of [Siemens Dematic] . . . ."  [Doc. #65, Ex. 5, pp. 4-5]

Shortly before PSI acquired Siemens Dematic, Cooper filled out a PSI employment application.  Cooper acknowledges that he was required to fill out that application in order to receive consideration for a potential job with PSI.  On December 4, 2002, PSI sent Cooper a letter offering him a job as a sales executive.  He accepted the job by signing PSI's offer letter, which stated in

relevant part:  "Your start date with PSI Group, Inc. will be December 9, 2002. You will also be eligible to participate in PSI Group's Sales Commission Plan. . . . In accepting this offer, you agree that you have relied only on the terms set forth above and not on any representation or statement made by any Company employee, agent or representative."  [Doc. #65, Ex. 8]

Cooper worked for PSI until he was terminated in June 2004.  He then filed this action in Connecticut Superior Court against PSI and Pitney Bowes, Inc. ("Pitney Bowes"), which is the parent company of PSI.  Superior Court Judge Grant Miller granted Pitney Bowes's motion for summary judgment as to the counts against it, and PSI then removed the case to this Court on the basis of diversity jurisdiction.  Cooper subsequently joined Siemens Dematic as a defendant and filed an amended complaint.  [Doc. #24]

Cooper's amended complaint alleged that PSI and Siemens Dematic violated the Connecticut wage statute, Conn. Gen. Stat. § 31-71a et seq., by failing to pay him commissions in accordance with his May 2002 employment agreement with DPS (counts one and three).  The Court granted Siemens Dematic's motion to dismiss count three because Cooper had failed to satisfy the two-year statute of limitations, Conn. Gen. Stat. § 52-596, which applies to the Connecticut wage statute.  [Doc. #56]  Count one against PSI survives, as do the remaining counts of Cooper's amended complaint, which allege that PSI and Siemens Dematic were unjustly enriched (counts two and four).

Cooper has not provided the Court with sufficient information concerning

the circumstances of the asset purchase agreement between PSI and Siemens Dematic to suggest that PSI would have successor liability to Cooper by operation of law. Although Cooper's claims may vaguely suggest the possible existence of such liability, the Court must conclude from Cooper's presentation of the case that there is none.

PSI and Siemens Dematic now move for summary judgment. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69. "[T]he burden on the moving party may be discharged by 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002). "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with

evidence that would be sufficient to support a jury verdict in its favor." <u>Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.</u>, 302 F.3d 83, 91 (2d Cir. 2002).

The Court first examines Cooper's claim that PSI violated the Connecticut wage statute by failing to pay him commissions in accordance with his employment agreement with DPS.  "The law governing the construction of contracts is well settled.  When a party asserts a claim that challenges the . . . construction of a contract, [the court] must first ascertain whether the relevant language in the agreement is ambiguous. . . .  A contract is ambiguous if the intent of the parties is not clear and certain from the language of the contract itself. . . .  Accordingly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. . . .  Moreover, in construing contracts, [the court] give[s] effect to all the language included therein, as the law of contract interpretation . . . militates against interpreting a contract in a way that renders a provision superfluous. . . .  If a contract is unambiguous within its four corners, intent of the parties is a question of law. . . .  Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms.  A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . ."  <u>Ziotas v. Reardon Law Firm, P.C.</u>, 111 Conn. App. 287, 294, 959 A.2d 1013 (2008).

Cooper argues that PSI's letter offering him a job did not constitute his entire employment agreement with PSI.  He claims that PSI was obligated to

honor his employment agreement with DPS because PSI verbally agreed to do so. In support of his claim, Cooper states that PSI usually informed the employees of an acquired company that they would receive the same pay at PSI as they had previously received at the acquired company. Cooper also points out that PSI's letter offering him a job did not state the salary that he would receive. In Cooper's view, the absence of the salary amount lends weight to his claim that an additional verbal agreement existed. Cooper also cites an e-mail message by PSI's vice president of sales and marketing referring to an agreement to pay Cooper a $10,000 commission at the time of PSI's acquisition of Siemens Dematic.

      The Court is not persuaded by Cooper's claim that PSI was obligated to honor his employment agreement with DPS. PSI was not a party to Cooper's employment agreement with DPS. The asset purchase agreement between PSI and Siemens Dematic, which had previously acquired DPS, clearly and unambiguously excluded employment contracts to which Siemens Dematic had been a party. Therefore, PSI did not acquire Cooper's employment agreement with DPS. Consistent with the asset purchase agreement, Cooper was required to submit an employment application to PSI in order to work there. When PSI offered him a job, he accepted by signing PSI's letter informing him that he was eligible to participate in PSI's commission plan. Cooper did not negotiate a continuation of the commission payment system included in his former employment agreement with DPS. Even if Cooper had argued before this Court

that PSI somehow incurred successor liability with respect to the DPS agreement, he waived the issue by accepting PSI's offer explicitly referring to the PSI commission plan.

PSI's offer also stated that Cooper did not rely on any representation or statement outside the four corners of the offer. Therefore, Cooper's position regarding the enforceability of a separate verbal agreement is untenable. Although PSI's offer letter did not mention that Cooper's salary was to be $60,000, the same as his salary with Siemens Dematic, or that he would receive a special $10,000 commission, there is no dispute that Cooper actually received those amounts. The enforceability of a possible verbal agreement to honor the DPS agreement is not enhanced by the recognition that PSI honored a different agreement that was not mentioned in PSI's offer letter. With the exception of his own affidavit, Cooper has not produced any evidence that PSI agreed to honor the DPS agreement. The asset purchase agreement between PSI and Siemens Dematic and Cooper's acceptance of PSI's job offer indicate that PSI is entitled to summary judgment on Cooper's claim of a violation of the Connecticut wage statute (count one).

The Court next examines Cooper's claims that PSI and Siemens Dematic were unjustly enriched. "Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. . . . A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a

given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . .  With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. . . .  Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment."  Vertex, Inc. v. City of Waterbury, 278 Conn. 557, 573, 898 A.2d 178 (2006).

It is undisputed that Cooper entered into employment contracts with PSI and Siemens Dematic.  "[A]n express contract between the parties precludes recognition of an implied-in-law contract governing the same subject matter." Meaney v. Connecticut Hospital Assn., Inc., 250 Conn. 500, 517, 735 A.2d 813 (1999) (quoting 1 E. Farnsworth, Contracts (2d Ed. 1998) § 2.20, p. 176).  "[A]n implied in law contract is another name for a claim for unjust enrichment." Vertex, 278 Conn. at 574.  Because Cooper entered into employment agreements with PSI and Siemens Dematic, and those agreements covered the subject of commissions, he is precluded from recovering under the alternative theory of unjust enrichment.  Cooper could have alleged counts of breach of contract

against PSI and Siemens Dematic, but he chose not to do so.  PSI and Siemens Dematic are entitled to summary judgment on counts two and four of Cooper's complaint.

The motions for summary judgment filed by PSI and Siemens Dematic [Docs. #61, 66] are GRANTED.  The Clerk is directed to CLOSE this case.

                              IT IS SO ORDERED.

                              /s/
                            Vanessa L. Bryant
                            United States District Judge

Dated at Hartford, Connecticut:  March 23, 2009.